UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**Edwin Banks,**

                    **Plaintiff,**

v.                                                                           **9:14-cv-999 (BKS/CFH)**

**C.O. Kevin Trombley, C.O. Lance Russel,
C.O. David Bean, Jr., C.O. Randal Moller,
C.O. Charles Lawfer, Sgt. Steven Sweeny,
Lt. R. LaPier,**

                    **Defendants.**
_____

**APPEARANCES:**

For Plaintiff:
John D. Conners
Amdurksy, Pelky, Fennell & Wallen, P.C.
26 East Oneida Street
Oswego, New York 13126

For Defendants:
Hon. Eric T. Schneiderman
Attorney General of the State of New York
Helena Lynch, Assistant Attorney General
Michael G. McCartin, Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

Plaintiff Edwin Banks brings this action under 42 U.S.C. § 1983 alleging that Defendants subjected him to, and failed to protect him from, excessive force in violation of the Eighth Amendment.  (Dkt. No. 1).  Presently before the Court is Plaintiff's motion in limine to preclude Defendants from inquiring on cross-examination into the essential facts of Plaintiff's 2003 convictions for criminal possession of a controlled substance in the third and fourth degrees.  (Dkt. No. 98, p. 9).  Defendants oppose this motion.  (Dkt. No. 88, p. 10).  For the following reasons, Plaintiff's motion is granted in part and denied in part.

### II.  ANALYSIS

Plaintiff seeks to preclude Defendants from adducing evidence of the statutory names of his convictions, the date of conviction, and the sentence imposed.  (Dkt. No. 98, p. 9).  Plaintiff was convicted of criminal possession of a controlled substance in the third and fourth degrees in 2003 and was sentenced to a term of imprisonment of seven years, six months to eighteen years, three months.  *See* http://nysdoccslookup.doccs.ny.gov.  Plaintiff remains imprisoned for these convictions.

The applicable provision of Rule 609 provides that, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year."  Fed. R. Evid. 609(a)(1)(A).[1]  Thus, the Court must balance the probative value of introducing evidence of Plaintiff's convictions against its prejudicial effect.  Because Plaintiff plans to offer his account

---

[1] Rule 609(b) does not apply even though the convictions are more than ten years old because Plaintiff is still in custody on the convictions.  Rule 609(a)(2) does not apply because the elements of the controlled substance offenses did not require proving "a dishonest act or false statement."

of the August 9, 2011 use-of-force incident, the jury will be required to assess his credibility against that of Defendants, who will likely testify to a different version of the incident. Plaintiff's character for veracity is therefore relevant, and the existence of prior felony convictions are probative on that point.  The Court finds that the probative value of Plaintiff's felony convictions is not substantially outweighed by unfair prejudice or the other evils Rule 403 seeks to avoid.  Consequently, the fact of Plaintiff's felony convictions is admissible for impeachment.

Under Rule 609(a)(1), "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required . . . subject to balancing under Rule 403." *United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005).  It is, however, "within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense." *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009); *see Twitty v. Ashcroft*, No. 304CV410, 2010 WL 1677757, at *3, 2010 U.S. Dist. LEXIS 40499, at *9–11 (D. Conn. Apr. 23, 2010) (collecting cases).

Plaintiff's convictions, criminal possession of a controlled substance in the third and fourth degrees, are so dissimilar from the conduct at issue here – excessive force – that there is little potential for unfair prejudice. *Stephen v. Hanley*, No. 03CV6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is."); *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. Dec. 17, 1997) (explaining that the plaintiff's drug conspiracy conviction bore "no resemblance to the excessive force" and therefore "weigh[ed] in favor of introducing the [conviction]").  Additionally, the statutory names of Plaintiff's convictions will

3

be more useful to the jury in evaluating his credibility as a witness than the "mere fact" of his felony convictions alone. 28 Fed. Prac. & Proc. Evid. § 6134 (2d ed.) ("[T]he 'mere fact' approach is hardest to justify with the language and structure of Rule 609."). The date of Plaintiff's convictions, 2003, is also relevant to the jury's assessment of how much weight to accord this impeachment evidence. The length of his indeterminate term of imprisonment, however, contains little probative value on the issue of Plaintiff's truthfulness, and may be distracting and prejudicial in that the jury may speculate as to why Plaintiff remains imprisoned after fourteen years when the low-end of his sentence was seven years, six months. The Court therefore concludes that the danger of unfair prejudice outweighs the low probative value of the length of his sentence and grants Plaintiff's motion to preclude evidence of the sentence imposed. Accordingly, evidence as to the statutory names and dates of Plaintiff's convictions and their status as felony convictions is admissible; the term of imprisonment is not.

### III.   CONCLUSION

For the reasons stated above, it is

**ORDERED** that Plaintiff's motion (Dkt. No. 98, p. 9) to preclude Defendants from cross-examining him as to the essential facts of his prior convictions is **DENIED** as to the statutory names and the date of his convictions and **GRANTED** as to the term of imprisonment.

**IT IS SO ORDERED.**

Dated:  September 6, 2017

_____
Brenda K. Sannes
U.S. District Judge